UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL JAY ENICK,<br><br>Defendant. | Case No. 2:17-cr-00013-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendant's Motion to Dismiss. (Dkt. 18). The matter is fully briefed and the Court finds that the decisional process would not be aided by oral argument. For the reasons set forth below, the Court will grant the Motion to Dismiss.

## BACKGROUND

Samuel Jay Enick has been charged with one count of unlawful possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(9) and one count of criminal forfeiture under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) (Dkt. 1). The indictment alleges that Enick unlawfully possessed firearms and ammunition despite having been previously convicted of a violent misdemeanor involving domestic violence which disqualified him from such ownership. His prior conviction was a misdemeanor assault charge under Spokane Municipal Code ("SMC") Section 10.11.010 (Dkt. 18). The

Government asserts that the assault misdemeanor is the type of crime which operates as a predicate offense under 18 U.S.C. § 922(g)(9). Enick contends that it does not.

## ANALYSIS

Section 922(g)(9) provides that it is unlawful for any person "who has been convicted in any court of a misdemeanor crime of domestic violence . . . [to] possess in or affecting commerce, any firearm or ammunition[.]" 18 U.S.C. § 922(g)(9) (2012). A "misdemeanor crime of domestic violence" is defined as,

> an offense that – (i) is a misdemeanor under Federal, State or Tribal law; and (ii) has, as an element, the use or attempted use of physical force, or threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A) (2012). Therefore, to qualify as a predicate offense a "misdemeanor crime of domestic violence" must have, "as an element, the use or attempted use of physical force, or threatened use of a deadly weapon." *U.S. v. Hayes*, 555 U.S. 415, 421 (2009). In addition, the Supreme Court has held that § 922(g)(9)'s "physical force" requirement is satisfied "by the degree of force that supports a common-law battery conviction." *U.S. v. Castleman*, 134 S. Ct. 1405, 1413 (2014).

The question here is whether Enick's prior conviction under SMC § 10.11.010 qualifies as a predicate offense under § 922(g)(9). Enick argues that, because SMC § 10.11.010 is a local law and not a "Federal, State, or Tribal law,"

SMC § 10.11.010 cannot be a predicate offense under § 922(g)(9). (Dkts. 18, 26). Enick also contends that neither the categorical approach nor the modified categorical approach qualify his prior conviction as a predicate offense because SMC § 10.11.010 is overbroad and indivisible. (Dkts. 18, 26).

1. **Municipal Ordinance Conviction as Predicate Offense**

The Court finds that a municipal ordinance does not fit within the definition of a "misdemeanor crime of domestic violence." Rather, it appears that Congress purposefully excluded local law from that definition. Specifically, a "misdemeanor crime of domestic violence" only includes "an offense that – (i) is a misdemeanor under Federal, State or Tribal law[.]" 18 U.S.C. § 921(a)(33)(A).

   A. *Concurrent Jurisdiction*

Although the Government originally argued to the contrary, the parties now agree that the defendant can be convicted in *any* court for § 922(g)(9) to apply. The Court concurs. Thus, § 922(g)(9) may apply where a defendant is convicted in Spokane Municipal Court as Enick was here. However, that conviction in municipal court must be a misdemeanor under "Federal, State, or Tribal law." Under the plain language of § 921 and § 922(g)(9), a conviction under a municipal ordinance cannot serve as a predicate offense for the purposes of § 922(g)(9).

   B. *Congressional Intent*

In statutory construction, "our starting point is the plain language of the statute." *U.S. v. Williams*, 659 F.3d 1223, 1225 (9th Cir. 2011) (citing Children's Hosp. & Health

Ctr. v. Belshe, 188 F.3d 1090, 1096 (9th Cir. 1999)). If the "plain meaning of the statute is unambiguous, that meaning is controlling," and courts do not look to the legislative history to determine if Congress meant something else. *Williams*, 659 F.3d at 1096.

The Court finds that the statute's language is unambiguous, clearly providing that only a violation of "Federal, State, or Tribal law" can constitute a predicate offense for a prosecution under 18 U.S.C. § 922(g)(9). But, even if the Court were to find the statute ambiguous and could consider Congressional intent, the legislative history strongly suggests that Congress purposefully excluded local law from the list of predicate offenses. Prior to amending § 921 in 2006, the relevant language mentioned only federal and state law. 18 U.S.C. § 921(a)(33)(A)(i) (amended 2006). The 2006 amendment added tribal law to the list of available substantive law. *See generally* Violence Against Women Act, Pub. L. No. 109-162, § 908, 119 Stat. 2960 (2006). The same amendment also distinguished "local law" in dozens of other portions of § 921, but not § 921(a)(33)(A)(i). *Id.* The statutory interpretation canon, *expressio unius est exclusio alterius*, "the expression of one thing is the exclusion of another," justifies an "inference that items not mentioned were excluded by deliberate choice, not inadvertence." *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003). Therefore, the Court concludes that it was Congress's intent to exclude local laws from the "misdemeanor crime of domestic violence" definition.

2.   **Categorical Approach**

   A.   *Overbroad*

Even if the Court were to find that convictions under a municipal code fit within the definition of § 921(a)(33)(A)(i), the predicate offense would not be a categorical match. To determine whether Enick's prior conviction qualifies as "misdemeanor crime of domestic violence," the Court applies the "categorical approach" set forth in *Taylor v. U.S.*, 495 U.S. 575, 599 (1990). To evaluate the predicate offense under the categorical approach, the Court must compare the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime. *Decamps v. U.S.*, 133 S Ct. 2276, 2283 (2013). Thus, if the elements of the SMC § 10.11.010 are the same or narrower than the elements in § 921(a)(33)(A)(ii) then Enick's prior conviction would serve as a predicate offense for the § 922(g)(9) charge. However, if SMC § 10.11.010 is broader than the elements in § 921(a)(33)(A)(ii), then the conviction does not categorically qualify as a predicate offense.

SMC § 10.11.010 clearly prohibits more conduct than the federal definition of a "misdemeanor crime of domestic violence. The ordinance states, "[n]o person may willfully use or threaten to use by purposeful words or acts unlawful physical force against the person of another." SPOKANE, WASH., CODE § 10.11.010. It thus criminalizes the mere threat of use of physical force. In contrast, the federal statute only criminalizes one type of threat: threat with a deadly weapon. 18 U.S.C. § 921(a)(33)(A)(ii). And both parties appear to agree that Enick's prior conviction does not qualify as a predicate

offense under the categorical approach because it is overbroad. (Dkt. 18 at 11, 26 at 15) (Dkt. 22 at 5). The Court agrees.

B. *Indivisible*

Even if the underlying offense is overbroad, it may still be considered as a predicate offense under the modified categorical approach. This approach is appropriate where the prior conviction is for violating a "divisible" statute. *Decamps*, 133 S. Ct. at 1413. A divisible statute is a statute that "sets out one or more elements of the offense in the alternative." *Id.* A statute is considered divisible if "it contains multiple alternative elements, as opposed to multiple alternative means." *Rendon v. Holder*, 764 F.3d 1077, 1084-85 (2014). However, a disjunctive (that is, with an "or") statute is not immediately considered a divisible statute. *Id.* at 1086. Rather, a disjunctive statute is divisible "[o]nly when state law requires that in order to convict the defendant the jury must unanimously agree that he committed a particular substantive offense contained within the disjunctively worded statute. . . ." *Id.*

Here, SMC § 10.11.010 is a disjunctive statute because it contains "or", suggesting that the ordinance can be broken into three sub-offenses: (1) using physical force, (2) attempting to use physical force, or (3) threatening to use physical force. However, the statute is only divisible if jury unanimity is required as to which part of the offense the defendant committed. *Rendon*, 764 F.3d at 1086. Fortunately, the Washington appellate courts have provided a clear answer, holding that jury unanimity is not required for a conviction under SMC § 10.11.010. *City of Spokane v. White*, 102 Wn. App. 955, 965

(2000). Because SMC § 10.11.010 does not require juror unanimity, it is indivisible and the conviction cannot qualify under the modified categorical approach.

Because SMC § 10.11.010 is a local law and not a "State, Federal, or Tribal law" and because SMC § 10.11.010 is overbroad and indivisible, it does not qualify as a predicate offense for the § 922(g)(9) charge. The Court will therefore grant the Motion to Dismiss.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to dismiss (Dkt. 18) is **GRANTED**.

2. Defendant's Motion to Suppress (Dkt. 19) is **DEEMED MOOT.**

3. The June 19, 2017 hearing is **VACATED**.

DATED: June 9, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court